
IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| JORDAN YEE, | § |
| | § |
| Plaintiff, | § |
| | § |
| VS. | § NO. 4:08-CV-053-A |
| | § |
| HAROLD K. BALDWIN-PRICE, M.D., | § |
| ET AL., | § |
| | § |
| Defendants. | § |

MEMORANDUM OPINION
and
ORDER

After having considered the motion for summary judgment filed August 29, 2008, by Michael B. Mukasey, Attorney General, Department of Justice ("Attorney General Mukasey"), the response thereto of plaintiff, Jordan Yee, the reply of Attorney General Mukasey, the entire summary judgment record, and pertinent legal authorities, the court has concluded that Attorney General Mukasey's motion should be granted.

I.

Nature of the Litigation

Plaintiff is employed as a psychiatrist at the Federal Medical Center, Carswell, a facility of the Bureau of Prisons. He brought this action pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq., claiming discrimination

based on disability and race/national origin. Plaintiff seeks recovery of 22 months of lost wages, restoration of six hours of sick leave, appropriate pain and suffering, appropriate attorney fee, and appropriate punitive damages.

II.

Applicable Summary Judgment Principles

A party is entitled to summary judgment on all or any part of a claim as to which there is no genuine issue of material fact and as to which the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986). The moving party has the initial burden of showing that there is no genuine issue of material fact. Anderson, 477 U.S. at 256. The movant may discharge this burden by pointing out the absence of evidence to support one or more essential elements of the non-moving party's claim "since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Celotex Corp. v. Catrett, 477 U.S. 317, 323-25 (1986). Once the moving party has carried its burden under Rule 56(c), the non-moving party must do more than merely show that there is some metaphysical doubt as to the material facts. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S.

574, 586 (1986). The party opposing the motion may not rest on mere allegations or denials of pleading, but must set forth specific facts showing a genuine issue for trial. Anderson, 477 U.S. at 248, 256. To meet this burden, the nonmovant must "identify specific evidence in the record and articulate the 'precise manner' in which that evidence support[s] [its] claim[s]." Forsyth v. Barr, 19 F.3d 1527, 1537 (5th Cir. 1994). An issue is material only if its resolution could affect the outcome of the action. Anderson, 477 U.S. at 248. Unsupported allegations, conclusory in nature, are insufficient to defeat a proper motion for summary judgment. Simmons v. Lyons, 746 F.2d 265, 269 (5th Cir. 1984).

III.

Bases for Court's Ruling

There is nothing in the summary judgment record to indicate that any of the defendants has engaged in any conduct toward plaintiff, who remains a government employee at Federal Medical Center, Carswell, that was not proper considering the factual setting of the conduct.[1] Moreover, plaintiff failed to timely exhaust administrative remedies concerning complaints he is

---

[1] Rather than to rule on Attorney General Mukasey's motion to strike filed October 8, 2008, the court is giving the items to which it is directed only such weight as they deserve.

making. Finally, two of the defendants, Dr. Harold Baldwin-Price and Bureau of Prisons, are improper defendants in a Title VII action such as this. 42 U.S.C. § 2000e-16(c); 29 U.S.C. § 794a(a)(1); Hall v. Small Bus. Admin., 695 F.2d 175, 180 (5th Cir. 1983). Therefore, those defendants are entitled to a dismissal for that reason.

Before a federal employee can pursue in court a claim of employment discrimination, the employee must first exhaust prescribed administrative remedies. Dollis v. Rubin, 77 F.3d 777, 781 (5th Cir. 1995); Young v. City of Houston, 906 F.2d 177, 179 (5th Cir. 1990; Hoffman v. Boeing, 596 F.2d 683, 684 (5th Cir. 1979). Regulations at 29 C.F.R. Pt. 1614 define the administrative steps such an employee must take before filing an individual E.E.O. complaint. The first step is the "informal counseling" stage. Id. at 1614.105. The employee is required to consult with an agency E.E.O. counselor within forty-five calendar days of the alleged discriminatory act, failing which the employee's claim is barred. Henrickson v. Potter, 327 F.3d 444, 447 (5th Cir. 2003); Teemac v. Henderson, 298 F.3d 452, 454 (5th Cir. 2002). The summary judgment record establishes that plaintiff failed to timely exhaust his administrative remedies as to his claims (1) concerning an August 1997 incident when

4

Associate Warden Gordon required plaintiff to come to his office after he found plaintiff reclined in his chair, head back, mouth open, and eyes shut, (2) concerning the October 14, 1997, letter that plaintiff contends constituted a proposal to terminate his employment, (3) concerning the charging of sick leave in August 1997, and (4) concerning alleged hostile work environment. All those claims should be dismissed for that reason. Ramsey v. Henderson, 286 F.3d 264, 268-69 (5th Cir. 2002); Johnson v. Bergland, 614 F.2d 415, 417 (5th Cir. 1980). The defendants have done nothing that would bar them from asserting the failure-to-exhaust defense. Munoz v. Aldridge, 894 F.2d 1489, 1494-95 (5th Cir. 1990); Henderson v. U.S. Veterans Admin., 790 F.2d 436, 440-41 (5th Cir. 1986).

Moreover, plaintiff has failed to establish a prima facie case of discrimination based on race/national origin. To establish a prima facie case, plaintiff was required to produce evidence that (1) he was a member of a protected class, (2) he was qualified for the position, (3) he was subjected to an adverse employment action, and (4) another similarly situated was treated more favorably. McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973). There is no summary judgment evidence that the October 14, 1997, letter or events related to the August 1997

5

incident constituted an adverse employment action. Absent any verifiable and immediate change in employment status, verbal reprimands cannot support a claim of discrimination. Mattern v. Eastman Kodak Co., 104 F.3d 702, 708 (5th Cir. 1997). Plaintiff has failed to offer any summary judgment evidence that another employee similarly situated was treated more favorably as to the October 14, 1997, letter or the August 1997 incident.

Similarly, plaintiff has failed to adduce summary judgment evidence establishing a prima facie case of a racially hostile work environment based on face/national origin under Title VII. For a prima facie case to be established, plaintiff would be required to prove (1) he belongs to a protected group, (2) he was subjected to unwelcome harassment, (3) the harassment complained of was based on race/national origin, (4) the harassment complained of affected a term, condition, or privilege of employment, and (5) the employer knew or should have known of the harassment in question and failed to take prompt remedial action. Ramsey, 286 F.3d at 268. To be actionable as an employment discrimination claim, an alleged harassment must be "sufficiently severe and pervasive to alter the conditions of the victim's employment and create an abusive working relationship. Id. Plaintiff's claim that he was required to keep his door open is

not sufficiently severe and pervasive to alter the terms of his employment.

Plaintiff's discrimination claim based on alleged disability likewise fails because of his failure to offer evidence in support of a prima facie case of discrimination based on disability. Plaintiff contends that he was discriminated against based on a disability (hepatitis) when he was not accommodated with immediate sick leave on August 25-26, 1997. For plaintiff to establish a prima facie case of discrimination under the Rehabilitation Act, 29 U.S.C. § 794(a), he must adduce evidence that (1) he is an "individual with a disability," (2) who is "otherwise qualified" to perform the essential functions of the job, (3) he suffered an adverse employment action, and (4) he was treated less favorably than a non-disabled employee. Burch v. Coca-Cola Co., 119 F.3d 305, 320 (5th Cir. 1997); Chandler v. City of Dallas, 2 F.3d 1385, 1390 (5th Cir. 1993).

A disabled plaintiff must provide as part of his proof that he is "otherwise disqualified" evidence that "with or without reasonable accommodation, [he] can perform the essential functions of the employment position [he] holds or desires." 42 U.S.C. § 12111(8). The employee has the responsibility to inform the employer that an accommodation is needed. Taylor v.

Principal Fin. Group, Inc., 93 F.3d 155, 165 (5th Cir. 1996). The employer is not required to assume that an employee with a disability suffers a limitation that needs to be accommodated. Id. When a request for accommodation has been made, "[t]he appropriate reasonable accommodation is best determined through a flexible, interactive process that involves both the employer and the qualified individual with a disability." Id.

The fact that in August 1997 plaintiff might have been sick when he was found in his office reclining with his head back, eyes closed, and mouth open did not trigger the employer's obligation to grant a reasonable accommodation immediately. Nothing about that set of facts informed the employer that plaintiff's claimed sickness was related to his hepatitis condition or as to what accommodation was necessary. Moreover, Associate Warden Gordon shortly advised plaintiff that he could leave. The slight delay in the giving of that advice to plaintiff is not evidence of a denial of a reasonable accommodation.

IV.

Conclusion and Order

For each of the reasons given above, plaintiff's claims are without merit, and should summarily be denied. Therefore,

The court ORDERS that the motion for summary judgment be, and is hereby, granted; and

The court further ORDERS that all claims asserted by plaintiff in the above-captioned action be, and are hereby, dismissed.

SIGNED October 9, 2008.

_____
JOHN McBRYDE
United States District Judge